IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| ERNEST LUCKY PEREZ | § | |
| --- | --- | --- |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-715 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Ernest Lucky Perez, a prisoner confined at the Hughes Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Kimberly C. Priest Johnson, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court. The magistrate judge has submitted a report recommending denial of the petition.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. The petitioner filed objections to the Report and Recommendation.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the Court concludes the objections are without merit.

First, the petitioner contends there is no basis in Texas law for the state court to have concluded that the testimony of Esther Echavery, Brittany Rhinebarger, Natalie Kreitels, Paul Oliveira, and Elizabeth Oliveira was admissible. Therefore, the petitioner contends the magistrate judge should not have relied on the trial court's findings that the testimony was admissible. The

petitioner asserts that the testimony of Detective Chris Burns was clearly inadmissible. Regardless of whether the testimony was admissible under state law, the petitioner has not demonstrated that he was prejudiced by the testimony. The state court found that the evidence would have resulted in a conviction absent the allegedly objectionable testimony. Because the state court's findings are not an unreasonable application of *Strickland*, the petitioner has not met his burden of showing he is entitled to relief on these grounds.

The petitioner contends that the testimony of Detective Chris Burns and Dr. Arnold Mech that bolstered the victim's credibility was inadmissible. The state court agreed that some of the testimony of Detective Burns was inadmissible. However, the state court concluded that counsel's failure to object furthered his strategy of using the testimony to undermine the credibility of other witnesses. The state court also found that counsel's failure to object to the testimony did not change the outcome of the trial. The state court's findings of fact were a reasonable determination of the facts in light of the evidence presented in the state court. Further, the state court's adjudication was not contrary to, and did not involve an unreasonable application of, clearly established federal law.

The petitioner argues that counsel should have objected to the expert testimony of Jennifer Edwards regarding sex offenders. Although the petitioner acknowledges this type of testimony is generally admissible, he contends the magistrate judge erroneously accepted the state court's findings that specific statements made by Ms. Edwards were admissible. The petitioner also contends counsel failed to adequately cross-examine Ms. Edwards, and that she testified falsely. During the state habeas proceedings, the trial court held an evidentiary hearing and made extensive findings of fact and conclusions of law with respect to these issues. The trial court found that the testimony of Ms. Edwards was not false. In addition, the trial court found that the complained-of statements were

2

admissible under state law, a finding that is not reviewable in a federal habeas proceeding. The trial court found that trial counsel's cross-examination of Ms. Edwards was not deficient. Finally, the trial court concluded that the petitioner was not prejudiced by the testimony or cross-examination of the expert witness. The petitioner did not rebut the state court's findings of fact by clear and convincing evidence, and the state court's findings were not an unreasonable application of *Strickland*.

The petitioner contends trial counsel should have called an expert to testify at trial to refute the state's expert. As an example of the kind of expert testimony the petitioner alleges his trial counsel should have presented, the petitioner called Al Merchant to testify at the evidentiary hearing in state court. After reviewing the record and making extensive findings of fact, the trial court found that the testimony of an expert like Al Merchant would not have benefitted the petitioner. The petitioner did not rebut the state court's factual determinations by clear and convincing evidence, and he did not show that the state court's adjudication was contrary to, or involved an unreasonable application of, clearly established federal law.

In this case, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could

resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

The petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the petitioner are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. The petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

## **ORDER**

Accordingly, the petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation. A certificate of appealability will not be issued.

**SIGNED this the 22nd day of March, 2017.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE